NO. 07-05-0290-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 6, 2005

_____

BROGAN, LTD., a Partnership, and TINA MARIE BROGAN

Appellants

v.

W. CHARLES BROGAN, III, M.D., Ph.D., P.A., a Professional
Corporation, and WALTER CHARLES BROGAN, III, Individually

Appellees

_____

FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,696; HON. MACKEY K. HANCOCK, PRESIDING

_____

***ON ABATEMENT AND REMAND***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellants appeal from a take-nothing judgment rendered in favor of appellees. The clerk's record was filed on October 4, 2005 and two supplemental clerk's records were filed on October 4, 2005 and November 2, 2005. On September 26, 2005, the reporter filed her first extension request to file the record because of her case load, which request was granted to October 26, 2005. On November 4, 2005, the reporter filed a second extension request, and the Court granted it, extending the deadline to November 28, 2005. It also admonished the reporter that no further extensions would be authorized. However, on

November 30, 2005, a third extension request was filed by the reporter for an additional 30 days, stating she has been unable to complete the record.

Accordingly, we abate this appeal and remand the cause to the 99th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. why the reporter's record has not been filed,

2. when the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellants of their right to appeal, and,

3. whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before December 28, 2005. Should further time be needed by the trial court to perform these tasks, then same must be requested before December 28, 2005.

It is so ordered.

Per Curiam

Do not publish.

2